LEVI COAT *et al.*

*v.*

HARRIET J. COAT *et al.*

1. ADMINISTRATOR'S SALE OF LAND—*purchase for administrator.* On bill by the heirs to set aside a sale of land of their ancestor by an administrator for the payment of debts, it appeared that the land was struck off to the bidder to whom the deed was made; that he never paid any part of the purchase money, or gave any security for its payment; that he was never called on for the amount of his bid or any part of it; that he never exercised any act of ownership over it, or paid any taxes or received any rent; that from the pretended sale the administrator received the rents, paid all the taxes and made various improvements on the premises: *Held,* that these facts showed that the purchase was made for the administrator, notwithstanding the testimony of the purchaser that, to the best of his recollection, there was no such agreement.

2. SAME—*terms of setting aside.* On bill by heirs to set aside an administrator's sale of lands, on the ground that the administrator was interested as the real purchaser, where no money was paid or secured to be paid, the court, in setting aside the sale, refused to allow the administrator the amount of his claim allowed against the estate and other claims paid by him, but charged him with rents and profits received by him: *Held,* no error, and that the land was still liable to be sold for the payment of all just claims allowed in the manner pointed out in the statute. Had the purchaser paid money to the administrator, the rule would have been otherwise.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. LACEY & WALLACE, for the appellants.

Messrs. FULLERTON & ROGERS, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, filed in June, 1867, by the two infant heirs of George W. Coat, for the purpose of setting aside a sale of a quarter section of land made by his administrator for the payment of debts, under an order of court.

George W. Coat died in Kansas in 1863, where he then resided, leaving a widow and two children, the complainants in the bill, the latter two of whom respectively became of the ages of nine and five years in January, 1868. He died seized in fee of the land in question, which is situate in Mason county, in this State. In 1864, Levi Coat was appointed administrator, and at the November term, 1865, of the Mason county court, he obtained an order for the sale of the land, and on the 31st day of January, 1866, professed to sell it to John H. Havighorst, one of the appellants, for the sum of $1600, and so reported to the court, and that the purchaser chose to pay all the money down, and that the administrator chose to accept it, the terms of sale having been one half cash down and the balance in twelve months, with note of purchaser at ten per cent interest, with approved security and mortgage on the premises. The amount of the debt, for payment of which the land was sold, was $1883, which appears to have consisted entirely of an allowed claim in favor of the administrator.

All that Havighorst ever did with respect to the purchase, or the land, was to make the bid and receive the deed. He never paid any part of the purchase money, nor gave any security for its payment, nor was he ever called upon for the

amount of his bid or any part of it. He never exercised a single act of ownership, nor paid any taxes, nor received any rent, although the premises were an improved farm under rent to a tenant. After the time of the pretended sale, Coat, the administrator, received all the rents, paid all the taxes, put out an orchard, planted out half a mile of hedge and cultivated it, and made other improvements.

The only reason given by Havighorst for not complying with the terms of sale, is, that on the day of the sale he told the administrator that if he bid off the land he could not make the cash payment, and Coat said it would make no particular difference, as a considerable amount of the proceeds would be coming to him. The administrator's deed was made to Havighorst about twenty-five days after the sale, and no explanation whatever is attempted of the fact that the deed was given without payment of any part of the amount of the bid, or giving any security for its payment, or any evidence of indebtedness for it, or making any arrangement with respect to it. The fact seems utterly inconsistent with the idea of a *bona fide* sale. There is some evidence of Havighorst having received notice not to consummate the sale, but that appears to have been after the execution of the deed, though at what particular time does not appear.

It is quite manifest from the facts that there was only the form of a sale to Havighorst, and that the real substance of the transaction was a purchase for the administrator. This the law forbids. *Miles et al.* v. *Wheeler et al.* 43 Ill. 123; *Kruse* v. *Steffens et al.* 47 Ill. 113.

The testimony of Havighorst "that there is no agreement between me and Levi Coat to reconvey the land to him or any other person, to the best of my recollection—there never was, to the best of my recollection, any understanding between me and Mr. Coat, by which I was to reconvey the land to him or any other person"—is insufficient to overcome the effect of the testimony which arises from the facts in the case. The conclusion is irresistible that there must at least have been an

implied understanding that the purchase was on the account and for the benefit of the administrator himself.

An objection is taken to the mode in which the account is stated.

It is claimed that, in addition to what was allowed the administrator, he should have been allowed the amount of his own claims against the estate and debts which he had paid, and that the payment thereof by the appellees should have been made a condition precedent to the setting aside of the sale.

Those were claims and debts existing against the estate of George W. Coat, while the claim against Levi Coat was for rents and profits of the appellees' land, and due to them and not to the estate of George W. Coat, and they were not subject to be set off against each other.

Whatever just claims existed against the estate, the land of the appellees was subject to be sold for the payment thereof, if necessary, in the mode pointed out by the statute. There was no claim in equity resting upon the heirs to make payment of them otherwise. The cases of *Miles* v. *Wheeler* and *Kruse* v. *Steffens, supra,* which are cited in support of the objection, do not sustain it. They only go to the extent of sanctioning the allowance for the money paid at the administrator's sale, with interest. Here there was no money paid at the administrator's sale. The proceeds of the sale have discharged no burden resting upon the land of the appellees, to make the refunding thereof a proper condition of equitable relief.

Perceiving no error in the record, the decree of the court below must be affirmed.

*Decree affirmed.*